JP:LHE
F.#2014R01584

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ANTHONY LAPUMA,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

14-868 M

COMPLAINT
(18 U.S.C. § 1951)

EASTERN DISTRICT OF NEW YORK, SS:

JASON RUIZ, being duly sworn, deposes and states that he is a Special Agent with the United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") duly appointed according to law and acting as such.

Upon information and belief, in or about and between September 23, 2014 and October 9, 2014, within the Eastern District of New York and elsewhere, the defendant ANTHONY LAPUMA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, to wit: currency by robbery.

(Title 18, United States Code, Section 1951)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

1.      I have been a Special Agent with the ATF for approximately one year. I am a member of the Strategic Pattern Armed Robbery and Technical Apprehension ("SPARTA") Task Force.  I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for crimes related to unlawful possession and use of firearms, including armed robberies.  These investigations are conducted both in an undercover and overt capacity.  I have participated in investigations involving search warrants and arrest warrants.  As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2.      I have personally participated in the investigation of the offenses discussed below.  I am familiar with the facts and circumstances of this investigation from my personal participation in this investigation and reports made to me by other law enforcement authorities.

3.      On September 30, 2014, I and other members of the SPARTA Task Force met with a confidential source ("CS") who had information about the defendant, ANTHONY LAPUMA.  LAPUMA is employed as a construction worker by a company known as Northeast Service Interiors LLC, which performs demolitions of buildings throughout New York City.  The company is owned and operated by an individual named Franco Caliendo.  In connection with its business, Northeast Service Interiors LLC collects scrap metal which they sell to scrap metal companies in New York, New Jersey and

Connecticut. Each Thursday, Caliendo travels to these scrap metal companies to collect payment, which is made in cash.

   4. The CS informed me that the defendant, ANTHONY LAPUMA, had told him on or about September 23, 2014 that he had a plan to rob Caliendo on a Thursday after he collected the cash from the scrap metal companies. The CS recorded a video of a conversation with LAPUMA that took place on September 25, 2014 while they were driving together in Queens, New York. I have reviewed this video. On that video, LAPUMA states that he had enlisted a friend, with whom he had "done it before," to conduct the robbery and that they expect to make $15,000-20,000. LAPUMA further states that they planned to use an unloaded or fake gun in connection with the robbery. LAPUMA also indicates the location in Queens, New York, where the robbery is planned to take place.

   5. On or about October 6, 2014, LAPUMA stated to the CS that he and another individual had "scoped out" CALIENDO's home.

   6. On or about October 9, 2014 at approximately 8:13 p.m., SPARTA Task Force agents arrested the defendant ANTHONY LAPUMA in the vicinity 59th Avenue in Maspeth, New York. Immediately following his arrest he was provided with his <u>Miranda</u> warnings orally, which he stated that he understood. He was then interviewed by law enforcement. During the conversation LAPUMA inquired whether "Frank" got hurt. He then stated in sum and substance and in part that he had planned to rob Franco Caliendo. He stated that a week or two earlier he had approached an acquaintance ("CC1") that he knew from the neighborhood with the idea to do the robbery. CC1 agreed. LAPUMA further stated in sum and substance and in part that he had since taken CC1 to see Caliendo's

office, one of the scrap metal locations from which Caliendo picks up cash, and showed him the route taken by Caliendo to make the cash pickups.

7. LAPUMA consented to a search of his mobile phone. On the phone is a text message exchange from Thursday, October 9, 2014 at approximately 11 a.m. between LAPUMA and an individual identified by LAPUMA as CC1. During the message exchange, LAPUMA writes "So . . .I guess I should call someone els[e]?" and CC1 responds "Na I've been working on getting a ride. It's not a lot of bread so I'm trying to get the least amount of people. What time we he b going to get that today." LAPUMA then responds "Between I would say 1 and 4. Nigga I'll do 60 40 o just need that. Let me know wassup." CC1 then replies "Bro we got this" to which LAPUMA responds "My man. That's what I want to hear."

WHEREFORE, your deponent respectfully requests that the defendant ANTHONY LAPUMA be dealt with according to law.

                                                          S/Jason Ruiz J
_____
JASON RUIZ
Special Agent, ATF

Sworn to before me this
10th day of October 2014

S/ Steven Gold

_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK